**Brownlee HAYDON, Plaintiff-Appellant,**

**v.**

**The RAND CORPORATION, a corporation, Defendant-Appellee.**

**No. 77-3577.**

United States Court of Appeals, Ninth Circuit.

Sept. 12, 1979.

[redacted]

Bennett Rolfe, Santa Monica, Cal., on brief, for plaintiff-appellant.

Karen J. Kubin, Cooley, Codward, Castro, Huddleson & Tatum, San Francisco, Cal., argued, for defendant-appellee.

Before KENNEDY and WRIGHT, Circuit Judges, and HATFIELD,* District Judge.

PER CURIAM.

Brownlee Haydon brought this action against the Rand Corporation alleging that Rand discriminatorily discharged Haydon on the basis of age, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634 (1976). Haydon appeals from the district court's orders granting Rand's motion for summary judgment and denying Haydon's motion for reconsideration. We reverse and remand.

Rand made a substantial showing in support of its motion for summary judgment, demonstrating that business conditions necessitated a general reduction in the workforce, that the primary impact of the reduction was not on older employees, and that key management personnel had been dissatisfied with Haydon's job performance.[1] We think, however, that Haydon has presented a material factual dispute concerning the question whether Rand's dissatisfaction with Haydon's work was mere-

---

* Honorable Paul G. Hatfield, United States District Judge for the District of Montana, sitting by designation.

1. Rand also showed that Haydon was not replaced after his discharge. The fact that Hay- don was not replaced by a younger employee, however, is not necessarily fatal to his attempt to prove age discrimination. *See Bonham v. Dresser Indus., Inc.,* 569 F.2d 187, 195 (3d Cir. 1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978).

ly a pretext to conceal a motive to discriminate against him because of his age.[2]

█ As a long-time employee, Haydon earned a high salary and therefore was employed at a relatively high cost to Rand. Haydon argues that there is a direct relationship between his age and the cost of his employment, and that Rand improperly considered his employment costs in selecting him for discharge. The record on summary judgment does not clearly disclose the extent to which the cost factor influenced Rand's decision to discharge Haydon. Accordingly, we decline the invitation to discuss the circumstances in which an employer may base employment decisions on relative costs of employment. It may be unnecessary to reach that difficult issue if the evidence presented at trial fails to support Haydon's allegations. In any event, it would be inappropriate to resolve the issue in the abstract and in general terms; only after the development of a full record can the question be presented with sufficient clarity and in sufficiently narrow terms to permit meaningful appellate decisionmaking.

REVERSED and REMANDED.

2. We are generally reluctant to approve summary judgment in a case in which the motivation of a party is placed in issue. *See Gard v. United States*, 594 F.2d 1230, 1234 & n.2 (9th Cir. 1979); *Handi Investment Co. v. Mobil Oil Co.*, 550 F.2d 543, 547 (9th Cir. 1977).