676 F.2d 205
 28 Fair Empl.Prac.Cas. 1127,
28 Empl. Prac. Dec. P 32,659
Joseph K. LOCKE, Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY, DIVISION OF COMMERCIAL
UNION ASSURANCE COMPANIES, LTD., Defendant-Appellee.
 No. 81-5047.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 15, 1982.
Decided April 20, 1982.
Rehearing Denied May 19, 1982.
 
 Robert K. Salyers, Olson, Baker & Salyers, Louisville, Ky., for plaintiff-appellant.
 Edgar Zingman, Jon Fleischaker, Louisville, Ky., for defendant-appellee.
 Before LIVELY and JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from summary judgment for the defendant in this action where he alleged he was discharged on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. After nearly 20 years as an employee of the defendant, the plaintiff was terminated in 1979 shortly after reaching the age of 55. After giving the required notice to the Secretary of Labor in accordance with 29 U.S.C. § 626(d), he brought this action.
 
 
 2
 Both parties conducted discovery after which the defendant filed a motion for summary judgment. The district court held a pretrial conference at which it granted the plaintiff's motion for an extension of time in which to respond to the motion for summary judgment. When the plaintiff did not submit any affidavits or other response to the motion for summary judgment for some ten weeks following the pretrial conference, the court directed plaintiff's counsel to submit an affidavit showing his apparent inability to produce an affidavit or other response to the motion. The affidavit filed by plaintiff's counsel stated that the evidence in support of the allegations of the complaint was in the possession of the defendant and that the defendant had failed to answer interrogatories fully.
 
 
 3
 The district court then granted summary judgment for the defendant and filed an opinion in which he stated that the plaintiff had failed to establish a prima facie case of age discrimination. The district court referred to the plaintiff's deposition in which he stated that he knew of no other reason why he was terminated except his age, but offered no evidentiary support for his conclusion that age was the cause of his discharge. The affidavit which the defendant had filed in support of its motion for summary judgment described a number of inadequacies which the defendant had found in plaintiff's work and set forth specific instances in which the defendant had considered the plaintiff's job performance unsatisfactory. The district court concluded that the conclusory statement of plaintiff's deposition concerning his discharge was not sufficient to withstand a motion for summary judgment supported by the affidavit of the defendant and that plaintiff's failure to respond as required by Rule 56(e), Fed.R.Civ.P., or to file an affidavit sufficient to satisfy Rule 56(f) made summary judgment appropriate.
 
 
 4
 The plaintiff did nothing more than state his conclusion that he was terminated because of his age. To permit this single statement to constitute a prima facie case would place on employers a burden which Congress never intended. There is no automatic presumption that every termination of an employee between the ages of 40 and 70 results in a violation of the Age Discrimination in Employment Act. Yet to permit a plaintiff to shift the burden to the defendant of justifying a termination on such a conclusory statement would have this effect. See Sahadi v. Reynolds Chemical, 636 F.2d 1116, 1118 (6th Cir. 1980); Ackerman v. Diamond Shamrock, 670 F.2d 66 (6th Cir. 1982).
 
 
 5
 The judgment of the district court is affirmed.
 
 
 6
 NATHANIEL R. JONES, Circuit Judge, dissenting.
 
 
 7
 Because I believe that the record before the district court raised a genuine issue of material fact, I dissent.
 
 
 8
 The majority omits an important fact when it describes the affidavit filed by plaintiff's counsel in opposition to the motion for summary judgment as stating only that the evidence in support of the allegations of the complaint was in the possession of the defendant and that the defendant had failed to answer interrogatories fully. The affidavit also referred the district court to a deposition of the plaintiff, stating that in light of this deposition an affidavit by plaintiff in response to defendant's motion for summary judgment would duplicate prior testimony and was thus unnecessary. Plaintiff's deposition was properly before the district court on the motion for summary judgment, Fed.R.Civ.P. 56(c), and indeed the district court purported to rely upon the deposition in granting the motion.
 
 
 9
 In his deposition, plaintiff made the following sworn statements: (1) the Company's minimum retirement age was 55; (2) shortly after reaching the age of 55, he was terminated and began to receive pension checks for early retirement; (3) he had previously enjoyed a number of promotions and pay increases, including a raise in the annual amount of $2,300 granted six months prior to his termination; (4) the termination came without any warning; and (5) prior to the termination, he "had not received any complaints about the performance of the work of any significance certainly from anyone," and had, in fact, been complimented on his job performance by the "home office" shortly before his termination.
 
 
 10
 In an action brought under the Age Discrimination in Employment Act (ADEA), the ultimate burden that plaintiff must meet is to show that age was a determining factor in his or her discharge. Laugesen v. Anaconda Co., 510 F.2d 307, 317 (6th Cir. 1975). However, at the summary judgment stage of the proceedings it was defendant, as movant, who had "the burden of showing conclusively that there exists no genuine issue of material fact." Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979). In determining whether defendant met his burden, the district court was required to read the evidence together with all inferences to be drawn therefrom in the light most favorable to the party opposing the motion. Id.
 
 
 11
 Defendant attempted to satisfy its burden by reciting in an affidavit various incidents which allegedly demonstrated that plaintiff was an unsatisfactory employee. The district court concluded that "all the evidence points to the conclusion that plaintiff's ultimate termination was due to these numerous employment-related incidents." But plaintiff's sworn deposition testimony, which the district court was obliged to consider, Smith v. Hudson, supra at 64, expressly controverted this claim of poor job performance. Since a genuine issue of material fact was thereby raised, summary judgment should have been denied. Instead, the district court granted summary judgment with the remark that "All the defendant's evidence strongly indicates that 'good cause' existed for plaintiff's discharge." (Emphasis added.) Thus it appears that the district court simply chose to credit defendant's version of the facts. This was error, for on a motion for summary judgment, the court is not permitted to rule on the credibility of the material that is presented. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 628-29, 64 S.Ct. 724, 729, 88 L.Ed. 967 (1944).
 
 
 12
 Rather than focusing upon the factual dispute regarding job qualifications, the district court appeared to pass on the ultimate issue of the employer's intent. This, too, was improper. Cases involving questions of motive or intent are normally not suited to disposition on summary judgment. First National Bank v. Cities Service, 391 U.S. 253, 284-85, 88 S.Ct. 1575, 1590, 20 L.Ed.2d 569 (1968); Smith v. Hudson, 600 F.2d 60, 66 (6th Cir. 1979). And as stated in EEOC v. Southwest Texas Methodist Hospital, 606 F.2d 63, 65 (5th Cir. 1979), "(w)hen dealing with employment discrimination cases, which usually necessarily involve examining motive and intent ..., granting of summary judgment is especially questionable." Thus, in Haydon v. Rand Corp., 605 F.2d 453 (9th Cir. 1979), the court reversed a summary judgment in favor of defendant in an age discrimination case quite similar to the instant case. While the court noted that defendant had "made a substantial showing ... that key management personnel had been dissatisfied with (plaintiff's) job performance," it found that plaintiff "presented a material factual dispute concerning whether Rand's dissatisfaction with (plaintiff's) work was merely a pretext to discriminate against him because of his age," making summary judgment improper. 605 F.2d at 454-55.
 
 
 13
 The district court, as well as the majority opinion on appeal, misconceives the role of a prima facie case in ADEA actions. The district court stated that "the initial burden (is) upon plaintiff to prove that his employment was terminated because of his age." This statement transparently confuses the elements of plaintiff's prima facie case with plaintiff's ultimate burden of proving age discrimination.
 
 
 14
 This Circuit has not articulated what a plaintiff must prove to establish a prima facie case that his discharge violated the ADEA. See Laugesen v. Anaconda Co., 510 F.2d 307 (6th Cir. 1975) (declining to apply guidelines established in McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to age discrimination cases). However, it appears that every other circuit which has considered the question has concluded that McDonnell Douglas guidelines are applicable; a plaintiff alleging age discrimination establishes a prima facie case upon proof that 1) he was in the protected group, 2) he was performing his job at a level that met his employer's legitimate expectations, 3) he was nonetheless fired, and 4) his employer sought someone to perform the same work after he left. Loeb v. Textron, 600 F.2d 1003, 1014 (1st Cir. 1979); Rodriguez v. Taylor, 569 F.2d 1231, 1239 (3rd Cir. 1977) cert. denied 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978); Smith v. Flax, 618 F.2d 1062, 1066 n.3 (4th Cir. 1980); Marshall v. Goodyear Tire & Rubber Co., 554 F.2d 730, 735-36 (5th Cir. 1977); Cova v. Coca-Cola Bottling Co., 574 F.2d 958, 959-60 (8th Cir. 1978); Kentroti v. Frontier Airlines, Inc., 585 F.2d 967, 969 (10th Cir. 1978).
 
 
 15
 Here the employer disputed one of the elements of plaintiff's prima facie case by alleging that plaintiff's job performance was unsatisfactory. Plaintiff was not required to conclusively establish his prima facie case at the summary judgment stage; it suffices that a factual issue is raised. Whether plaintiff was performing satisfactorily then becomes a question for the trier of fact. See Loeb v. Textron, supra at 1018. It is this existence of a genuine issue of fact, not the existence or nonexistence of a prima facie case, which makes the instant grant of summary judgment improper.
 
 
 16
 Contrary to the suggestion of the majority, no one contends that the mere conclusory claim of age discrimination insulates plaintiff from summary judgment or establishes plaintiff's prima facie case. Had plaintiff's employer established, for example, that plaintiff was discharged pursuant to a uniform policy mandating the discharge of all employees engaged in certain misconduct, mere allegations of unlawful discrimination would not raise a factual issue or establish a prima facie case. See Potter v. Goodwill Industries of Cleveland, 518 F.2d 864 (6th Cir. 1975); Long v. Ford Motor Co., 496 F.2d 500 (6th Cir. 1974). Here, however, plaintiff has raised a material issue of fact regarding the lack of job qualifications alleged by defendant's affidavits.
 
 
 17
 I would reverse the judgment below and remand the case for trial.