786 F.2d 1167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CURTIS L. WRENN, Plaintiff-Appellant,
v.
ST. CHARLES HOSPITAL, Defendant-Appellee.
 84-3620
 United States Court of Appeals, Sixth Circuit.
 2/5/86
 N.D.Ohio
 AFFIRMED
 ORDER
 
 1
 BEFORE: KEITH and GUY, Circuit Judges, and TAYLOR, District Judge.*
 
 
 2
 The plaintiff appeals the summary judgment entered for the defendant in this pro se civil action alleging discriminatory hiring practices. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In April, 1982, the defendant Hospital advertised a vancancy for an Assistant Administrator position. The plaintiff, a Black male over 50 years old, applied for the position by submitting a resume. He was not given an interview and another candidate was hired. Following the receipt of a right-to-sue letter from the EEOC, the plaintiff filed this action asserting the defendant discriminated against him in the application process because of his race and age and in retaliation for the fact he had filed a civil action against a prior employer for alleged discriminatory employment practices. In all, he asserted claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq., Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000d, et seq., and 2000e, et seq., as well as 42 U.S.C. Secs. 1981 and 1983.
 
 
 4
 Discovery commenced, with the defendant deposing the plaintiff and the plaintiff deposing Theodore Kessler, the defendant's Director of Management Services and the person who had done the initial screening of applications for the vacant position. Based upon these depositions and other evidentiary materials, including an affidavit sworn by Kessler, the defendant moved for summary judgment. The plaintiff did not respond to that motion. The district court entered summary judgment for the defendant after finding no basis for the claim of discrimination under the ADEA, Title VII and Sec. 1981, no state action for purposes of Sec. 1983, and no federal funding for purposes of Title VI. This timely appeal followed.
 
 
 5
 Under Rule 56, Federal Rules of Civil Procedure, summary judgment is appropriate where the discovery materials and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' See Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). Upon review of the record, we conclude the district court did not err in its application of this standard or in its finding that summary judgment was appropriate.
 
 
 6
 Under all the constitutional and statutory bases for this action, the plaintiff has a burden of showing the defendant's action in handling the plaintiff's application was based in whole or in part upon impermissible discriminatory considerations. In this case, Kessler stated in both his deposition and affidavit that he alone did the initial screening of the applications. He stated he did not know personally of the plaintiff or his past employment (including the prior civil action) and could not discern the plaintiff's race, age, or the fact of the prior civil action from the resume submitted--a fact borne out by the copy of the resume included in the record. He stated he rejected the plaintiff's application on three grounds: (1) the plaintiff's past work experience did not match the defendant's requirements, (2) the application did not include a cover letter such as normally accompany a resume, and (3) the plaintiff's resume did not include the places of prior employment or the names of the employers. Kessler averred that all applications having the latter two deficiencies were rejected. Of the over 125 applications received, Kessler chose twelve for transmittal to the defendant's Head Administrator who chose which applicants to interview and, ultimately, which applicant to hire. The plaintiff's application was not one of the twelve chosen for transmittal.
 
 
 7
 In response to these statements and averments, the plaintiff produced no evidence to show that race, age, or retaliation for the prior action played any role in the screening process. Although it is his subjective belief that some officials of the defendant Hospital had heard of the plaintiff and the prior action, such a conclusionary belief is insufficient to raise a claim of discrimination. See Locke v. Commercial Union Insurance Co., 676 F.2d 205 (6th Cir. 1982). Likewise, we agree with the district court's finding that the plaintiff failed to show any state action or federal funding needed as elements for causes of action under Sec. 1983 and Title VI. Finally, we find the district court did not abuse its discretion in granting a protective order against the taking of a deposition from the defendant's Executive Director and denial of the plaintiff's motion to amend his complaint. Based upon the record before us, we conclude that neither the proposed deposition nor the tendered amendment would have aided the plaintiff in avoiding summary judgment. Cf. Addington v. Farmer's Elevator Mutual Insurance Co., 650 F.2d 663 (5th Cir.), cert. denied, 454 U.S. 1098 (1981); Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979).
 
 
 8
 It is ORDERED that the district court's judgment of June 25, 1984, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation