787 F.2d 594
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RONNELL WOODS, Plaintiff-Appellant,
v.
AMERICAN MOTORS CORPORATION-JEEP DIVISION, Defendant-Appellee.
 85-3318
 United States Court of Appeals, Sixth Circuit.
 3/19/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, WESTERN DIVISION
 BEFORE: KRUPANSKY and GUY, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Ronnell Woods ('plaintiff'), an employee of defendant-appellee American Motors Corporation-Jeep Division ('Corporation') since 1967, appealed the district court's court's summary judgment in favor of the Corporation. The court determined that the plaintiff, a black American, failed to produce evidence which joined a genuine issue of material fact regarding his charge of disparate treatment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., and the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981.
 
 
 2
 Plaintiff alleged that he was discharged on four separate occasions between June 21, 1978 and February 11, 1982 due to his race, and sought declaratory and injunctive relief as well as compensatory and punitive damages. He was reinstated on each occasion with the understanding that there would be no further infraction of company rules.
 
 
 3
 On February 11, 1982 plaintiff was discharged for failure to perform his job assignment, disobeying the direct orders of a supervisor, and taking unauthorized breaks. A grievance was filed and pursued to arbitration. Subsequent to the arbitrator's hearing on April 27, 1983, the arbitrator in his decision stated:
 
 
 4
 [T]he Arbitrator feels there are grounds for serious discipline. Employees cannot decide for themselves when they will carry out the legitimate orders of a supervisor. The testimony of the Grievant himself proves he failed to perform the job assignment given by his Supervisor. He admitted he did not take the empty carton outside as directed.
 
 
 5
 The Grievant admitted he failed to follow orders of his Supervisor when fe [sic] failed to take the empty cartons outside as directed. The Grievant cannot expect to get off the hook by saying he took the remaining three cartons to the production line for export parts.
 
 
 6
 The arbitrator nonetheless accorded the plaintiff a fourth reprieve from discharge and ordered.
 
 
 7
 [I]n the opinion of the Arbitrator the proper penalty is suspension without pay or benefits and forfeiture of seniority between February 11, 1982 and date of reinstatement, the first Monday of the full week following receipt of this award. It is further understood that a written three (3) year probation agreement, starting from the date of actual reinstatement and ending three (3) years from the date, shall be entered into.
 
 
 8
 Despite plaintiff's reinstatement effective May 31, 1983, he protested the arbitrator's decision and filed charges of race discrimination against the Corporation with the Ohio Civil Rights Commission alleging that his February, 1982 discharge was because he was black. The Commission issued a notice of right to sue on September 7, 1983. Plaintiff initiated this timely action in district court on October 24, 1983.
 
 
 9
 In granting defendant's motion for summary judgment, the district court, upon review of the pleadings and other documents including plaintiff's deposition, determined that there existed no conflict of material fact to support plaintiff's beliefs and conclusions that he was the victim of race discrimination. The district court stated: 'There is no evidence before the Court that plaintiff has been treated differently than a similarly situated white employee was or might have been treated in similar circumstances. Conclusory statements without supporting evidence are insufficient to defeat a motion for summary judgment. Locke v. Commercial Union Ins. Co., 676 F.2d 205, 206 (6th Cir. 1982).'
 
 
 10
 Upon consideration of the briefs and oral arguments of counsel, and based on the record in its entirety, the district court's summary judgment in favor of the Corporation is hereby AFFIRMED for the reasons articulated in Judge Potter's opinion.