798 F.2d 471
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard A. WHITE, Plaintiff-Appellant,
v.
L.R.P.D., INC., a Michigan Corporation; Central Transport,
Inc., a Michigan Corporation, Defendants-Appellees.
 Nos. 85-1214, 85-1252.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1986.
 
 Before CONTIE and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Richard White appeals from an order of the district court denying his motion for a new trial and for reconsideration of the summary judgment granted in favor of defendant Central Transport. Because plaintiff did not provide sufficient evidence to raise a genuine issue of material fact on the question of whether Central Transport caused his termination in retaliation for his exercise of rights under the Workers' Disability Compensation Act, we affirm the judgment of the district court.
 
 I.
 
 2
 Plaintiff Richard White was employed as a truck driver by defendant L.R.P.D., Inc. L.R.P.D. is a leasing agent, acting as a labor broker for defendant Central Transport, Inc. (Central). Under the terms of a lease agreement, Central pays L.R.P.D. all employee wages, plus a commission of four percent, and also pays all benefit costs. Central retains control over the truck drivers, and may designate any driver as unacceptable and refuse to utilize him. L.R.P.D. maintains a collective bar gaining agreement with Teamster Local 164, of which White is a member.
 
 
 3
 On June 8, 1982, White was seriously injured in an accident while driving a tractor-trailer owned by defendant Central Transport. While hauling a load of crankshafts to Lansing, Michigan, White's truck left the road, rolled over, and struck. . two utility poles. White suffered serious head injuries which left him unable to remember details of the accident. White was hospitalized for an extended period of time, and L.R.P.D.'s insurer, Citizen's Insurance Company, voluntarily paid White workers' compensation benefits.
 
 
 4
 On November 29, 1982, Dr. William Sternfeld advised Citizen's Insurance Company that White should be able to return to work by January 1, 1983. White contacted George Chambers of L.R.P.D. periodically to indicate that he wanted to return to work when he was sufficiently recovered from the accident. On December 14, 1982, Central wrote to Chambers to advise him that Central had determined that White was at fault in the accident and, by the terms of the lease agreement, it no longer wished to use White's services . On January 10, 1983, Chambers wrote to White, seeking more information about his prospects for returning to work. On May 2, 1983, Dr. Sternfeld wrote to Chambers, advising him that White should be able to return to work without restriction, but that if he did continue to have a problem, he would have to go on some form of permanent disability. white was terminated from employment by L.R.P.D. on June 7, 1983, based on his responsibility for the June 1982 accident. On June 17, 1983, Citizen's Insurance Company terminated White's workers' compensation benefits, based on Dr. Sternfeld's report which indicated that White was able to return to work.
 
 
 5
 White filed suit against L.R.P.D. in district court on February 13, 1984, and amended his complaint on May 14, 1984 to add Central Transport as a defendant. In his complaint, White, alleged that both defendants acted to terminate his employment, in violation of Mich. Comp. Laws § 418.301(11), in retaliation for White's exercise of his right to seek workers' compensation benefits. Both defendants moved for summary judgment in November 1984. At a hearing on December 11, 1984, the trial court granted summary judgment in favor of Central, but denied L.R.P.D.'s motion. A separate count alleging wrongful discharge was dismissed and is not the subject of this appeal.
 
 
 6
 White proceeded to trial against L.R.P.D., and a jury verdict was returned in the defendant's favor. White moved for a reconsideration of the previously granted summary judgment in favor of Central, and for a new trial on the theory that the absence of Central prejudiced White in the trial with L.R.P.D. The motion was denied, and plaintiff now appeals from that order.
 
 II.
 Mich. Comp. Laws 5 418.301(11) provides:
 
 7
 A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.
 
 
 8
 In its summary judgment motion, Central Transport contended that it should not be considered White's employer for the purposes of the Worker's Disabilty Compensation Act, since L.R.P.D. maintained a collective bargaining ageement with plaintiff's union and was, in fact, White's employer. However, in a separate state court action, the Michigan Court of Appeals recently held that Central was an employer of White under the economic reality test. White v. Central Transport, Inc., No. 83631 (Mich. Ct. App. Feb. 11, 1986). Central now concedes that for the purposes of summary judgment, it was white's employer but maintains that this was not a factor in the district court's decision to grant summary judgment to Central. In granting summary judgment, the court found that plaintiff had not presented testimony which would meet his burden of defeating a motion for summary judgment, as it related to Central. This is reiterated in the court's order denying plaintiff's motion for reconsideration of the summary judgment where, after considering the question of whether Central was White's employer, the court stated, "The court continues to adhere to its conclusion that plaintiff failed to demonstrate such a genuine issue of material fact that would permit him to proceed to trial against Central, and that Central was entitled to summary judgment for that reason." The district court granted Central summary-judgment, not on the grounds that Central was not White's employer, but on the grounds that White did not meet his burden of presenting evidence that would raise a genuine issue of material fact.
 
 
 9
 Under Michigan law, when an employee claims that he was unlawfully discharged for filing a workers' compensation claim, the employee has the burden of proving that the workers' compensation filing was a significant factor in the employer's decision to discharge the employee. Goins v. Ford Motor Co., 131 Mich. App. 185, 198 (1983). The district court's decision, . was based on White's failure to meet his burden of producing evidence of retaliation, as required by Goins.
 
 
 10
 On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact. Smith V. Hudson, 600 F.2d 60, 63 (6th Cir. 1979). The evidence, together with all inferences drawn from the evidence, must be read in the light most favorable to the party opposing the motion. Id. White maintains that the summary judgment in favor of Central was granted in error because the district court ignored circumstantial evidence from which a jury might infer an unlawful intent on the part of Central in terminating White.
 
 
 11
 Initially, White notes that Central had a strong motive to discharge him: by not giving him the opportunity to attempt to return to work, Central deprived White of the most conclusive method of proving his permanent disability. The cost of this disability would be passed on to Central by the terms of its agreement with L.R.P.D. While Central stated that its reason for no longer using White's services was the serious accident ii for which it found White at fault, White maintains that that i I reason is a pretext. Although White states that other drivers were retained after causing major accidents, he points to no evidence on the record to show this has occurred. Instead, White attacks the investigation Central conducted of the accident. Central's investigator, James Walsh, was not an expert at accident reconstruction and he did not interview White, the mechanic who serviced the truck, or the person who loaded the, . trailer. Walsh concluded that the accident was caused by excessive speed.
 
 
 12
 White argues that the timing of Central's decision not to use his services, along with the delay by L.R.P.D. in firing him, combined with Dr. Sternfeld's letter mentioning a possible permanent disability and the insurance company's decision to terminate his benefits, to create a situation from which a jury could find retaliatory intent. However, not all of these facts implicate Central Transport. Central made its decision not to employ White in December of 1982. At that time, Dr. Sternfeld's opinion was that White would be able to return to work in January. Dr. Sternfeld's letter suggesting possible permanent disability was not written until after Central had made the decision not to use White's services. There is no evidence that Central had a part in L.R.P.D.'s seven-month delay in firing White, nor is there evidence to connect Central to the firing of White by L.R.P.D. in July, and the termination of workers" compensation benefits ten days later by the insurance company. Thus, the only circumstantial evidence which would implicate Central is that its labor broker's insurance company would be placed in a better position in a future workers' compensation action if White were fired, and it performed an allegedly incomplete investigation of the accident before assigning blame to White.
 
 
 13
 In order to defeat a motion for summary judgment, plaintiff must produce some evidence to show that there exists a genuine issue of material fact. Plaintiff cannot rely merely on conclusory allegations that he was a victim of retaliation. Locke v. Commercial Union Insurance Co., 676 F.2d 205 (6th Cir. 1982) (per curiam); Kendall v. Hoover Co., 751 F.2d 171, 173 (6th Cir. 1984). White has produced no evidence of retaliation, but only allegations that Central's proffered reason for dismissing him --that he caused the accident --was a pretext. Given these facts, the district court did not err in finding no genuine issue of material fact, and granting summary judgment in favor of Central. Since summary judgment was properly granted, plaintiff has no basis for claiming that he was improperly prejudiced by the absence of Central at the trial with L.R.P.D. For these reasons, the judgment of the district court is affirmed.