856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter M. NISHNIC, Plaintiff-Appellant,
v.
BETTER MEAT PRODUCTS COMPANY, Defendant-Appellee.
 No. 87-3991.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1988.
 
 Before KEITH, KENNEDY and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an age discrimination case in which the district court granted summary judgment to the defendant. We shall affirm the judgment.
 
 
 2
 The plaintiff, Walter M. Nishnic, was first employed by the defendant, Better Meat Products Company, on December 14, 1963. He was laid off in November of 1983 in connection with a reduction in the company's work force. On February 16, 1984, the company called Mr. Nishnic back, assigning him to a position he had not occupied before, that of computer operator. His new rate of pay was $5 an hour, which was only half his previous rate.
 
 
 3
 Mr. Nishnic was fired on April 27, 1984, because he could not master operation of the computer. He says in his affidavit that he was "given insufficient training for ... [the computer-operator] position." He also says that he "was told by Mr. Norman Abernathy [apparently a company supervisor] that they could have hired two younger people for the amount of money they were paying ... [him]." He says finally that "to the best of ... [his] knowledge and belief, Better Meat Products filled the position from which he was discharged with a person younger than him."
 
 
 4
 The company submitted the affidavit of its Vice-President of Operations, Mr. Frank Peters. Mr. Peters said that he evaluated Mr. Nishnic "as to his competency and ability to perform his job of running the computer;" that Mr. Nishnic "could not do the job;" and that "[b]ased upon my evaluation of his job performance, job ability and job competency with the computer, he was discharged...."
 
 
 5
 Mr. Nishnic contended before that the district court that not only the discharge, but also that the layoff and the rehiring at half his former salary were discriminatory acts. The district court rejected all these contentions. Mr. Nishnic has not shown that the district court erred in so doing.
 
 
 6
 As to the discharge, the district court noted that Mr. Nishnic admitted that the job was too hard for him. The district court discounted Mr. Nishnic's contention that he had received inadequate training, the statement in the affidavit to that effect being merely conclusory. Additionally, the district court considered it important that Mr. Nishnic could not point to younger employees who were given more training. As to the remark by Mr. Abernathy, the court considered it an isolated statement that could not, by itself, establish a prima facie case.
 
 
 7
 Mr. Nishnic argues that contrary to Laugesen v. Anaconda Company, 510 F.2d 307, 312 (6th Cir.1975), the district court made too "wooden" an application of McDonnell-Douglas v. Green, 411 U.S. 792 (1973). He stresses that he need show only that age was a factor, not the factor motivating his discharge, and he argues that the combination of his age (52 at the time of his discharge), his replacement by a younger person, and the comment of the supervisor show a prima facie case of discrimination. Lastly, Mr. Nishnic suggests that there is an issue of fact as to whether his inadequate performance was the result of inadequate training.
 
 
 8
 The defendant makes three points in support of the district court's decision. First, defendant says that it is undisputed that Mr. Nishnic was not capable of performing his job. Second, defendant argues that the alleged statement of Mr. Abernathy must be considered in the context of what the defendant was paying Mr. Nishnic--for it would not have been possible for the company to hire younger employees for $2.50 per hour, which was half of what Mr. Nishnic was getting. Lastly, defendant points to a passage in Mr. Nishnic's deposition where Mr. Nishnic said that he could not testify as to the things said about him because they were said behind his back. Defendant suggests that this contradicts the statement in Mr. Nishnic's affidavit about Mr. Abernathy's alleged discriminatory remark.
 
 
 9
 Mr. Nishnic's bald claim that he received inadequate training does not pass muster under Locke v. Commercial Union Insurance Company, 676 F.2d 205, 206 (6th Cir.1982), where we said that conclusory statements in an affidavit will not satisfy a nonmovant's burden of production when faced with a properly supported motion for summary judgment. Moreover, we agree with the district court that even if Mr. Nishnic did not receive adequate training, he has failed to show that this was because of his age; there is no evidence in the record of younger employees receiving more training after being called back to work. The probative value of the isolated statement attributed to Mr. Abernathy is weak, particularly in view of the fact that it did not come from the person who made the discharge decision. As to Mr. Nishnic's "belief" that younger employees replaced him, the affidavit does not show that Mr. Nishnic was competent to testify on this subject.
 
 
 10
 We attach no significance to Mr. Nishnic's statement that he could not testify as to what was said behind his back; at that point in the deposition, Mr. Nishnic was talking about why he was rehired at 50 percent of his former salary, and not about what Mr. Abernathy may or may not have said. Basically, however, the defendant showed that Mr. Nishnic was discharged because he was incapable of performing his job, and Mr. Nishnic failed to come forward with probative evidence that age discrimination was a factor in that decision. Accordingly, we AFFIRM the district court's grant of summary judgment for the defendant.