881 F.2d 1076
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony JOHNSON, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 89-1334.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1989.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and HENRY R. WILHOIT, Jr., District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Tony Johnson moves for counsel and in forma pauperis status, and appeals from the district court's judgment dismissing his 42 U.S.C. Sec. 2000e employment discrimination suit.
 
 
 4
 Johnson, a black male, claimed that he was discriminatorily discharged during his probationary period as a United States Postal Service employee because of his race and sex. He sought reinstatement, back pay, and other injunctive relief. Defendant responded that Johnson was discharged pursuant to the Postal Service's practice and policy of terminating employees during their probationary periods for irregular attendance.
 
 
 5
 After reviewing the defendant's motion for summary judgment, Johnson's response, defendant's reply, and defendant's renewed motion for summary judgment, the district court granted the defendant's motion for summary judgment.
 
 
 6
 On appeal, Johnson claims that the district court erred when it dismissed his complaint.
 
 
 7
 Upon consideration, we affirm the district court's judgment. In a disparate treatment case, the plaintiff must persuade the court that he or she has been the victim of intentional discrimination. See, e.g., Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). The primary factual issue is "[whether] the defendant intentionally discriminated against the plaintiff," and whether "the employer ... treat[s] 'some people less favorably than others because of their race, color, religion, sex, or national origin.' " United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983) (quoting Burdine, 450 U.S. at 253 and Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577 (1978) (quoting International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977))). In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court enunciated a three-part test to be used in disparate treatment cases: (1) the plaintiff must prove a prima facie case; (2) the defendant must offer a legitimate, nondiscriminatory reason for its actions; and (3) the plaintiff must establish that the defendant's proffered explanation is a pretext to conceal an illegal motive. In McDonnell Douglas, the court stated that plaintiff may establish a prima facie case of racial discrimination by showing that he is within a protected class, that he is qualified for the job despite being rejected, and that after this rejection, the employer continued to seek applicants from persons with plaintiff's qualifications. McDonnell Douglas, 411 U.S. at 802.
 
 
 8
 The Sixth Circuit has applied this test in a discharge setting. In Shah v. General Electric Co., 816 F.2d 264 (6th Cir.1987), the court stated that in order to establish a prima facie case:
 
 
 9
 A plaintiff must show " that he is a member of a class entitled to the protection of the Civil Rights Act, that he was discharged without valid cause, and that the employer continued to solicit applications for the vacancy." Failure to prove any one of these elements by a preponderance of the evidence mandates a dismissal of the plaintiff's suit.
 
 
 10
 Shah, 816 F.2d at 268 (quoting Morvay v. Maghielse Tool & Die Co., 708 F.2d 229, 233 (6th Cir.), cert. denied, 464 U.S. 1011 (1983) (citation omitted)). The Shah court also stated that "[t]he central inquiry in evaluating whether the plaintiff has met his initial burden is whether the circumstantial evidence presented is sufficient to create an inference [of discrimination]." Shah, 816 F.2d at 268 (quoting B. Schlei and P. Grossman, Employment Discrimination Law 247 (Supp. 1983-84)). To establish a prima facie case, the plaintiff must prove the necessary elements "by a preponderance of the evidence." Burdine, 450 U.S. at 253.
 
 
 11
 A party seeking summary judgment has the burden of showing conclusively that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c). Although summary judgment is generally inappropriate for resolving claims of race discrimination because these cases involve questions of motive and intent, Locke v. Commercial Union Ins. Co., 676 F.2d 205, 207 (6th Cir.1982) (per curiam), summary judgment is appropriate if the plaintiff fails to raise a genuine issue of material fact as to the existence of a prima facie case. See, e.g., Locke, 676 F.2d 205. Additionally, Fed.R.Civ.P. 56(e) provides that "[w]hen a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials [in his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial." See Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir.1989).
 
 
 12
 In this case, the defendant supported its motion for summary judgment with affidavits asserting that Johnson was put on notice that he was not meeting the Postal Service's attendance expectations. Johnson received an evaluation report prepared by one of his supervisors that states that his irregular attendance did not fully meet the requirements of his position. Johnson signed this evaluation report, acknowledging that he had reviewed its contents. Clearly, Johnson knew that his Postal Service position required regular attendance. It is Postal Service practice to terminate probationary employees who fail to maintain regular attendance. In fact, attendance is such an important requirement that it has been codified in a Postal Service manual. The Postal Service is concerned that an employee who cannot maintain a regular schedule during the probationary period may have even more problems in the future.
 
 
 13
 Johnson failed to provide evidence to support his allegation that his discharge was motivated by a discriminatory animus. Johnson named a number of alleged similarly situated employees, but the defendant could not locate records for some of the individuals Johnson named. Of the remaining individuals who were found to be postal employees, some were non-probationary employees who were not required to be evaluated by the same standards as Johnson. Although Johnson named some postal service employees who were in probationary status, the defendant provided affidavits establishing that none of these employees was treated more favorably than Johnson. In fact, at least one white employee was discharged during the probationary period for attendance problems less serious than Johnson's.
 
 
 14
 Even if Johnson had established a prima facie case of discrimination, the defendant set forth a legitimate nondiscriminatory reason for the discharge, and Johnson has not shown that the reasons were not true or were a pretext for discrimination. The defendant supported its motion for summary judgment with affidavits asserting that Johnson was discharged for unsatisfactory attendance during the probationary period. Johnson has not established any facts to counter the defendant's reasons for his discharge.
 
 
 15
 For these reasons, the motions for counsel and in forma pauperis status are hereby denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation