Billy W. BOST and Joe L. Faulkenbury,
Plaintiffs,

v.

HOLLY FARMS FOODS
INCORPORATED,
Defendant.

No. C–C–91–134–MU.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Feb. 2, 1993.

Louis L. Lesesne, Jr., Lesesne & Con-
nette, Charlotte, NC, for plaintiffs.

Robert S. Phifer, Haynsworth, Baldwin,
Johnson and Greaves, Charlotte, NC, for de-
fendant.

## ORDER

MULLEN, District Judge.

THIS MATTER comes to the court on
defendant's Motion for Summary Judgment,
filed July 30, 1992.

### I.

Summary judgment "shall be rendered
forthwith if the pleadings, depositions, an-
swers to interrogatories, and admissions on
file, together with the affidavits, if any show
that there is no genuine issue as to any
material fact and that the moving party is

entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e).

■ In this case, plaintiff's allegations are not supported by any specific facts showing that there is a genuine issue in this trial. Plaintiffs allege that they were fired on the basis of age, and they deny the pleadings of the defendant. This, however, is not sufficient to withstand the motion for summary judgment.

In their complaint, plaintiffs allege that the defendant violated the Age Discrimination in Employment Act ("ADEA") by discharging them from employment on the basis of age.

In order to establish a cause of action under the ADEA, the plaintiff must demonstrate that but for the employer's motive to discriminate against the plaintiff on the basis of age, the plaintiff would not have been discharged. This can be established in one of two ways. The plaintiff may meet this burden under the ordinary standards of proof by direct or indirect evidence relevant to and sufficiently probative of the issue. In the alternative, a plaintiff may resort to the judicially created scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and adapted to ADEA cases. *Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230, 239 (4th Cir.1982); *Smith v. Flax*, 618 F.2d 1062, 1066 n. 3 (4th Cir. 1980).

*E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936 (4th Cir.1992).

## II.

In order to satisfy the ordinary standards of proof of age discrimination, a plaintiff must demonstrate: "(1) that he (she) was an employee covered by the Act, (2) who suffered an unfavorable action by an employer covered by the Act, and (3) that 'age was a determining factor' in the action in the sense that 'but for' [defendant's] intent to discriminate on the basis of age, the [plaintiff] would not have been subjected to the employment action." *Id.* at 941, citing *Spagnuolo v. Whirlpool*, 641 F.2d 1109, 1112 (4th Cir.), cert. denied, 454 U.S. 860, 102 S.Ct. 316, 70 L.Ed.2d 158 (1981) (citing *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1019 (1st Cir.1979)).

■ There is no evidence that 'but for' defendant's intent to discriminate on the basis of age, the plaintiff would not have been fired. The evidence shows that the defendant was unhappy with the performance of the Monroe Complex, where the plaintiffs worked. In late 1988, defendant replaced the Complex Manager with a new manager, Mr. Gary Bottomley. Both plaintiffs reported directly to the Complex Manager.

■ The evidence shows that plaintiffs did not get along with Mr. Bottomley as well as with the prior Complex Manager. Mr. Bottomley is described in defendant's memorandum as having "a more aggressive management style in comparison to that of his predecessor." Defendant's Memorandum In Support of Motion for Summary Judgment at 3. Failure to get along with a new manager, or failure to perform in a manner acceptable to the new manager, is not grounds to support a claim of age discrimination. This is true even if the employee got along with the old manager, or even if the employee's performance was acceptable to the old manager.

Mr. Faulkenbury was the Complex Purchasing Agent at the time of his firing. In this position, Mr. Faulkenbury was responsible for purchasing supplies for the entire Monroe Complex, except for the Complex Service Center.

Mr. Faulkenbury's September 5, 1989 review was "below expectations." Mr. Faulkenbury was warned that failure to improve performance would result in a "change in [Faulkenbury's] job status." Mr. Faulkenbury understood from the performance review that his job was in jeopardy, yet he stated that he did not do anything, other than some possible minor changes, to change the way he had done his responsibilities in

light of this review. Additionally, Mr. Bottomley had expressed his dissatisfaction with Mr. Faulkenbury's work performance on several occasions prior to the written evaluation.

Mr. Bost was the Complex Safety Director at the time of his firing. As Safety Director, Mr. Bost was responsible for all safety matters pertaining to the entire Monroe Complex. He was also the direct supervisor of the complex security guards.

Mr. Bost's August 1989 performance review was "below expectations." Mr. Bost was warned that failure to improve performance would result in a "change in his position." Despite this review Mr. Bost stated that he did not do anything to change his day-to-day performance in light of this review.

Plaintiffs dispute the relevance of these performance reviews, as well as the recollection of events surrounding the Hurricane Hugo crisis, but they do not present evidence supporting a claim of age discrimination.

■ Evidence which exists merely to rebut the defendant's stated reason for termination of the plaintiffs, is not, by itself, enough to establish a question of material fact. As stated in *Goldberg v. B. Green & Co., Inc.*, 836 F.2d 845 (4th Cir.1988),

> While that type of evidence may tend to demonstrate that [defendant's] termination of [plaintiff] was arbitrary, it does not reflect any intent to discriminate on the basis of *age*.... "There is no automatic presumption that every termination of an employee between the ages of 40 and 70 results in a violation of the [ADEA]." To permit [plaintiff] to maintain his case based on the aforementioned rebuttal evidence would create exactly such a presumption, thereby "plac[ing] on employers a burden which Congress never intended."

*Id.* at 849, *citing Locke v. Commercial Union Ins. Co.*, 676 F.2d 205, 206 (6th Cir.1982).

### III.

Under the *McDonnell Douglas* scheme, plaintiff must establish a *prima facie* case, consisting of four elements. "The [plaintiff] must demonstrate that: (1) he is a member of a protected class, (2) he was discharged, (3) at the time of discharge, he was performing at a satisfactory level, meeting his employer's legitimate expectations, and (4) following his discharge, he was replace by a person outside the protected class (citations omitted)." *E.E.O.C. v. Clay Printing Co.*, 955 F.2d at 941.

■ Mr. Faulkenbury was replaced by Mr. Jimmy Elms, age 42 at the time of Mr. Faulkenbury's termination. Mr. Jimmy Elms is not a person outside the protected class. Therefore, Mr. Faulkenbury fails to meet the fourth element of his *prima facie* case.

Mr. Bost was replaced by Mr. Charles Bently, age 46 at the time of Mr. Bost's termination. Mr. Bently is not a person outside the protected class. Therefore, Mr. Bost fails to meet the fourth element of his *prima facie* case.

### IV.

Plaintiffs fail to establish direct or indirect evidence relevant to and sufficiently probative of defendant's motive to discriminate against the plaintiffs on the basis of age. Likewise, plaintiffs fail to establish a *prima facie* case under the *McDonnell Douglas* scheme.

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment is **GRANTED** and the case is **DISMISSED**.