602 F.2d 990
 21 Empl. Prac. Dec. P 30,371
 Unpublished Disposition
NOTICE: Fifth Circuit Local Rule 47.5.3 states that unpublished opinions should normally be cited only when they establish the law of the case, are relied upon as a basis for res judicata or collateral estoppel, or involve related facts. If an unpublished opinion is cited, a copy shall be attached to each copy of the brief.
Equal Employment Opportunity Commission, Plaintiff-Appellant
v.
Southwest Texas Methodist Hospital, Defendant-Appellee.
 Docket No. 79-1345.
 United States Court of Appeals, Fifth Circuit.
 September 4, 1979.
 
 Before AINSWORTH, GODBOLD, and VANCE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Equal Employment Opportunity Commission (EEOC) brought this suit against Southwest Texas Methodist Hospital (Southwest) alleging that Southwest violated Section 706(f)(1), (3) and (g) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq. by refusing to hire Ann Tarpley as a Dietary Porter because of her sex, and by maintaining separate job classifications for males and females in its Dietary Department. The district court granted Southwest's motion for summary judgment, and though not required to do so, assigned no reasons for his action which might have assisted this court in reaching a decision.
 
 
 2
 After EEOC filed its suit, the parties obtained a stay of the proceedings in order to permit negotiations to resolve the suit. Ann Tarpley, represented by private counsel entered into a settlement with Southwest and released the hospital with regard to her individual claim. EEOC was not a party to this settlement. Both parties agree that Ann Tarpley's settlement preclude EEOC from urging any claim on her behalf. EEOC appeals the judgment on the outstanding issue of Southwest's alleged sex-segregated job classifications.
 
 
 3
 EEOC contends that granting of summary judgment in favor of Southwest was inappropriate since there exist genuine issues of material fact as to whether Southwest maintains unlawful sex-segregated job classifications. See Fed.R.Civ.P. 56(c). EEOC alleges that Southwest intentionally engaged in a pattern of sexual discrimination by maintaining separate job classifications for men and women in that as of June 30, 1978, no women were employed as Dietary Porters, and that between September 1, 1975 and December 31, 1975, Southwest hired nine men and no women, as Dietary Porters and eight women, but no men, as Dietary Aides. EEOC further alleges, with supporting affidavits and statistical data, that Ann Tarpley, who applied for a position as Dietary Porter, was not hired on the basis of her sex and was told by an employee of Southwest that Dietary Porter positions were reserved solely for men. Southwest responds by affidavits, documents and other materials that it maintains an official policy of providing equal employment opportunities to all qualified individuals without regard to sex, that its job categories for the positions in questions are sexually neutral, and that approximately three-quarters of its work force are women, a percentage in excess of the available female work force in the San Antonio area.
 
 
 4
 It appears, therefore, that there are genuine issues of material fact to be tried by the court, and thus that this was not a proper case for disposition by summary judgment. As this court stated recently, "[w]hen dealing with employment discrimination cases, which usually necessarily involve examining motive and intent ..., granting of summary judgment is especially questionable." Hayden v. First National Bank of Mt. Pleasant, Texas, 5 Cir., 1979, 595 F.2d 994, 997. A full hearing on the merits is, therefore, necessary under the circumstances here.
 
 
 5
 Accordingly, the judgment is vacated and the case is remanded to the district court for further proceedings.
 
 
 6
 Vacated and Remanded.