Gary LEWIS, Plaintiff-Appellant,

v.

MIDWESTERN STATE UNIVERSITY, et al., Defendants-Appellees.

No. 86–1720.

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1988.
Rehearing Denied March 10, 1988.

Holly Crampton, Wichita Falls, Tex., for plaintiff-appellant.

Esther Hajdar, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Leslie L. McCollom, Asst. Atty. Gen., Austin, Tex., Roger Anson Lee, Wichita Falls, Tex., for defendants-appellees.

Before THORNBERRY, POLITZ, and JOLLY, Circuit Judges.

THORNBERRY, Circuit Judge:

Gary Lewis brought this action against Midwestern State University, its Board of Regents, and two university officials, alleging federal civil rights and state law claims because of the university's treatment of him. The district court dismissed Lewis' claims for damages on the basis of sovereign immunity under the Eleventh Amendment. We affirm.

Lewis filed this action originally in Texas state court. The defendants removed to federal district court. Lewis' complaint alleged that he was denied the right to teach one-on-one applied piano lessons, and instead was assigned to teach classroom piano and music appreciation. Lewis viewed the reassignment as part of a campaign by university officials to damage his reputation and force him to resign. He asserted that these actions deprived him of property and liberty without due process.

The district court granted partial summary judgment to the defendants, holding that Lewis' claim for damages was barred by sovereign immunity. To secure immediate review of the sovereign immunity issue, Lewis agreed to the dismissal of all claims except the one for damages against the university. On the basis of a stipulation and agreed order, the district court entered final judgment.[1]

The district court decided the sovereign immunity issue on summary judgment. For summary judgment to be proper, there can be no genuine issue of material fact, and the defendants must be entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ Only the state government and "arms of the state" qualify for sovereign immunity under the Eleventh Amendment. The Amendment does not ordinarily apply to municipal corporations and other political subdivisions of the state. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 1358 & n. 12, 39 L.Ed.2d 662 (1974). Public universities may qualify for immunity or not depending on their status under state law and their relationship to state government.

In *United Carolina Bank v. Board of Regents*, 665 F.2d 553 (5th Cir. Unit A 1982), we formulated a detailed analysis for resolving the status of public universities. That analysis focused on the status of the university under state law, the degree of state control over the university, and whether a money judgment against the university would, because of the status of the university's funds, interfere with the fiscal autonomy of the state. *Id.* at 557–61. Applying those factors, we concluded in *United Carolina Bank* that Stephen F. Austin University was an arm of the state and therefore entitled to immunity.

■ Midwestern State University shares many of the characteristics of Stephen F. Austin University, as found by the court in *United Carolina Bank*. First, the university is classified as a "general academic teaching institution" under Texas law, and is therefore an agency of the state. Tex. Educ.Code Ann. § 61.003(3); Tex.Rev.Civ. Stat.Ann. art. 6252–9b, § 2(8)(B). In addition, although the university was not originally created by state law, since 1961 it had been subject to Tex.Educ.Code Ann. sections 95 and 103. These statutes authorize the operation of the university and provide for its governance. In particular, under section 103.03 the university's Board of Regents is appointed by the governor and confirmed by the Texas senate. Also, under section 61 the university is subject to oversight by the Coordinating Board, Texas College and University System. These characteristics argue strongly that, like Stephen F. Austin University, Midwestern

---

**1.** Initially, we have some doubt that Lewis' allegation made out a viable claim for damages under federal law. Nevertheless, we hesitate to dismiss Lewis' appeal on that ground. The district court never ruled on the merits of this case; indeed, the time for discovery had not yet expired when the court granted partial summary judgment to the defendants on the basis of sovereign immunity. Thus, this case is unlike *Re-*

*gents of the University of Michigan v. Ewing,* 474 U.S. 214, 106 S.Ct. 507, 522 n. 6, 88 L.Ed.2d 523 (1985) (declining to consider the Eleventh Amendment issue when the facts presented no substantive due process claim). In *Ewing,* the district court had conducted a bench trial and had ruled on the merits of the due process claim.

State University is an arm of the state and entitled to immunity.

The focus of Lewis' argument is the university's ownership of funds other than those appropriated by the state government. Lewis notes that, before the university became a state university, it received private donations and municipal taxes that it used to buy land and construct buildings. The university currently receives not only private donations but revenues from its commercial operations such as the bookstore and the cafeteria. Because a judgment could be satisfied out of these "non-state" funds, Lewis claims, the university is not entitled to sovereign immunity.

We rejected a similar argument in *United Carolina Bank*. That case held that "the eleventh amendment is not applicable only where payment would be directly out of the state treasury." 665 F.2d at 560. Instead, the "crucial question ... is whether use of these unappropriated funds to pay a damage award ... would interfere with the fiscal autonomy and political sovereignty of Texas." *Id.* at 560–61. In answering that question, our reasoning in *United Carolina Bank* is exactly on point here: "These local funds, collected under authority of state law, Tex.Educ.Code Ann. § 51.004, are either held in the Treasury or restricted as to use. In either event they are subject to audit and budget planning. Thus any award from those funds would directly interfere with the state's fiscal autonomy." *Id.* at 561.

The district court correctly held that Midwestern State University is protected from an award of damages by sovereign immunity under the Eleventh Amendment. The judgment is

AFFIRMED.