United States Court of Appeals,

Fifth Circuit.

No. 93-5411

Summary Calendar.

Gregory LAXEY, Plaintiff-Appellant,

v.

LOUISIANA BOARD OF TRUSTEES and University of Southwestern Louisiana, Defendants-Appellees.

June 13, 1994.

Appeal from the United States District Court for the Western District of Louisiana.

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Gregory Laxey, a player on the University of Southwestern Louisiana ("USL") football team, appeals a summary judgment in his § 1983 suit against the USL and the Louisiana Board of Trustees for suspending him from the football team and revoking his scholarship following an arrest for cocaine distribution. We find that the district court made the right call and therefore affirm.

I.

Laxey was blitzed by undercover officers and charged with three counts of cocaine distribution. The next day, his coach, Nelson Stokley, sacked Laxey from the football team but dropped the ball by revoking his scholarship without a hearing. The USL student disciplinary committee scrambled to hold a hearing and on September 25 upheld Laxey's suspension. On October 9, another hearing was held concerning Laxey's financial aid and scholarship

revocation; the committee determined that upon further review, the call would stand.

Laxey filed suit in federal court pursuant to 42 U.S.C. § 1983, alleging violations of due process and Louisiana tort law. Specifically, he charged that following his interception for cocaine distribution, he was suspended from the football team, had his athletic scholarship stripped from him, and had a defamatory article published in the student newspaper, all of which deprived him of liberty and property rights without due process of law and in denial of equal protection. The defense called for summary judgment, claiming immunity under the Eleventh Amendment, a failure by the plaintiff to demonstrate a cognizable property or liberty interest, and compliance with due process requirements. Furthermore, defendants contended that the goal of the article appearing in the student newspaper was not defamatory as a matter of law. The district court granted summary judgment.

II.

Laxey claims that there was a flag on the play granting summary judgment because material facts exist as to the chronology of events leading to his suspension. We tackle the issue of summary judgment *de novo. Hanks v. Transcontinental Gas Pipe Line Corp.,* 953 F.2d 996, 997 (5th Cir.1992). Summary judgment is the correct call "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

2

as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment has the ball and must demonstrate that there is an absence of evidence to support the non-moving party's game plan. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). After a proper motion for summary judgment is made, the other team must set forth specific facts showing that there is a genuine issue for trial. *Hanks,* 953 F.2d at 997.

We referee this contest on a level playing field by consulting the applicable substantive law to determine what facts and issues are material. *King v. Chide,* 974 F.2d 653, 655-56 (5th Cir.1992). We then review the evidence relating to those issues, viewing the facts and inferences in the light most favorable to the non-movant. *Id.* If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented, and the game continues. *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2554-55.

Defendants first contend that the plaintiff sued the wrong team; as state entities, the defendants are immune from suit under the Eleventh Amendment. The district court punted on this issue, and Laxey attempted an end run around the Eleventh Amendment by failing to brief the issue. Nevertheless, we consider this illegal procedure to be a fumble on Laxey's part, as the Eleventh Amendment plainly blocks his suit.[1]

---

[1] Even if the defendants had not run this play in the district court, the "Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court." *Edelman v. Jordan,* 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974).

The Eleventh Amendment is like a defensive lineman, barring all suits in law or equity against an unconsenting state. *Cory v. White,* 457 U.S. 85, 90-91, 102 S.Ct. 2325, 2328-29, 72 L.Ed.2d 694 (1982). Public universities may qualify for immunity as members of the state team, depending upon "their status under state law and their relationship to state government." *Lewis v. Midwestern State Univ.,* 837 F.2d 197, 198 (5th Cir.) (citing *United Carolina Bank v. Board of Regents,* 665 F.2d 553 (5th Cir. Unit A 1982)), *cert. denied,* 488 U.S. 849, 109 S.Ct. 129, 102 L.Ed.2d 102 (1988). Article VIII, section 1 of the Louisiana Constitution empowers the legislature to call the plays for the educational system of Louisiana. Article VIII, Section 6 creates the Board of Trustees for State Colleges and Universities to supervise and manage these institutions. And USL is listed under LA.REV.STAT.ANN. § 17:3217 as an institution that passes under the supervision and management of the Board of Trustees for State Colleges and Universities. Moreover, USL did not forfeit its immunity by waiver. *See id.* § 13:5106(A) ("No suit against ... a state agency ... shall be instituted in any court other than a Louisiana state court."); *McKay v. Boyd Constr. Co.,* 769 F.2d 1084, 1086 (5th Cir.1985) (waiver of immunity in state courts is not waiver of immunity in federal courts); *see also Jagnandan v. Giles,* 538 F.2d 1166, 1172-86 (5th Cir.1976) (holding, *inter alia,* that Fourteenth Amendment did not preempt Eleventh Amendment in suit against state university), *cert. denied,* 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977). Therefore, USL is an arm of the state and protected

from suit in federal court by the Eleventh Amendment.  Since Laxey named as defendants only the "Louisiana Board of Trustees" and the "University of Southwestern Louisiana," he is shut out of federal court.[2]

Although this suit was terminated in the first quarter, we agree with the district court that it did not deserve to go the distance.  To prevent unnecessary overtime, we therefore AFFIRM the district court's grant of summary judgment.

---

[2]We also note that the named defendants are not "persons" under § 1983, and the case could have been dismissed on that ground.  *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).