**Robert FEASEL, Plaintiff,**

v.

**Debra WILLIS, et al., Defendants.**

**No. 5:95–CV–158–C.**

United States District Court,
N.D. Texas,
Lubbock Division.

March 9, 1995.

William Edward McNamara, III, Law Office of David Martinez, Lubbock, TX, for plaintiff.

Shawn Fitzpatrick, Assistant Attorney General, Austin, TX, for defendants.

*ORDER OVERRULING OBJECTIONS TO FINDINGS, CONCLUSIONS AND RECOMMENDATION, DISMISSING DEFENDANTS UNDER DOCTRINE OF QUALIFIED IMMUNITY, AND OVERRULING OBJECTIONS TO DENIAL OF CLAIM OF SOVEREIGN IMMUNITY*

CUMMINGS, District Judge.

The Plaintiff, Robert Feasel, is represented by retained counsel, but is proceeding

in forma pauperis without the payment of costs. Plaintiff has filed a claim pursuant to 42 U.S.C. § 1983, and claims jurisdiction pursuant to 28 U.S.C. § 1343(a)(3). At all times pertinent to the pleading Plaintiff alleges he was incarcerated in the Lubbock County Community Correctional Center. The Defendants, Willis, Williams, Chappa, Rampy, Johnson, and Lubbock County have entered their appearance and have not denied his incarceration. With regard to Lubbock County Plaintiff, in his Amended Complaint of June 30, 1994, had alleged Lubbock County owned the Lubbock County Correctional Facility. It had further been alleged it was under the control and policies of. Lubbock County and its operation and management was thus under the authority of Lubbock County. There has never been a pleading by the Defendants, individually and in their official capacity or Lubbock County as an entity, this pleading was incorrect. The Defendants claimed they were entitled to qualified immunity. In addition, the claim was made there was an entitlement to sovereign or Eleventh Amendment immunity. The U.S. Magistrate Judge entered Findings, Conclusions and Recommendation. Both the Plaintiff and the Defendants have filed Objections to the same. Plaintiff in his Second Amended Pleading with regard to qualified immunity filed on December 20, 1994, used language and made allegations of forced religious indoctrination, mandatory religious elements in the alcohol rehabilitation program, being required to be submitted to a course of religious instruction, and to adopt a particular religion. All of these pleadings were tied to the use by the County Correctional Facility and the five employees in their counseling and courses of instruction by utilizing the 12–Step Alcoholics Anonymous Program and its spiritual references. The U.S. Magistrate Judge found there was no established legal principle that the 12–Step Alcoholics Anonymous Program was a forced indoctrination of religion, or the required adoption of any particular religious preference in violation of any First Amendment right to free exercise of religion, and the privileges and rights appertaining thereto. Thus, the Magistrate Judge held the violation of constitutional rights at the time of the events as alleged as not "clearly established". This Court has made a de novo review of the records.

 It is, therefore, Ordered the findings of fact, conclusions of law and recommendation of the U.S. Magistrate Judge are adopted.

It is, Ordered this Civil Rights suit as filed against Debra Willis, Steve Williams, Mike Chappa, Darrel Johnson and Steve Rampy in their individual capacity is dismissed with prejudice as those Defendants in their individual capacities are entitled to the protection of qualified immunity.

It is, further Ordered Lubbock County is not as a matter of law under the present record entitled to Eleventh Amendment or sovereign immunity, and the lawsuit for damages as stated by the Plaintiff pursuant to 42 U.S.C. § 1983, is permitted to proceed against Lubbock County the political entity, and its named officials only in their official governmental capacity.

The Clerk will furnish a copy hereof to any party appearing *pro se* and to each attorney of record by first class mail.

### FINDINGS, CONCLUSIONS AND RECOMMENDATION REGARDING A CLAIM TO ENTITLEMENT OF OF QUALIFIED IMMUNITY BY DEFENDANTS, WILLIS WILLIAMS, CHAPA, RAMPY AND JOHNSON

WARNICK, United States Magistrate Judge.

The Plaintiff, Robert Feasel, is represented by retained counsel, but is proceeding without the payment of costs, in forma pauperis. Plaintiff has filed his claim pursuant to 42 U.S.C. § 1983, and claims jurisdiction in this Court under 28 U.S.C. § 1343(a)(3).

Plaintiff at all times pertinent was incarcerated in the Lubbock County Community Correctional Center. According to his pleadings, this is a facility owned and operated by the political entity Lubbock County. The Defendant Steve Rampy is alleged to be the Chief or Director of the Correction Facility. The Defendant Daryl Johnson is alleged to be the Head of Security at the Correction Facility. The Defendants Steve Williams

and Mike Chapa are alleged to be Residential Supervisors at the Correction Facility. The Defendant Debra Willis is alleged to be a Guidance Counselor at the Correction Facility. Each of the Defendants has been sued in both their individual and their official capacity.

Plaintiff alleges pursuant to Texas law as a convicted person he was sent to the Correction Facility. Texas law permits a requirement of Plaintiff during his incarceration to be required to attend and participate in substance abuse treatment programs. He alleges one of the programs utilized at the Correction Facility is the 12–Step Alcoholic Anonymous (AA) Program. Plaintiff alleges he was required to attend the counseling sessions of the AA Program as operated by the Guidance Counselor, Debra Willis. Plaintiff alleges on February 11, 1994, he was placed in "solitary confinement" as a result of his refusal (1) to participate in "religious assignments and activities," and (2) to utilize the work sheets containing "Christian ideals and beliefs". He alleges all of the acts were done with the purpose and intent to deprive him of his First Amendment rights of freedom of speech and religion. Plaintiff alleges the conduct of Defendant[1] deprived him of his right to the free exercise of religion secured to him under the First and Fourteenth Amendments to the U.S. Constitution.

In the original answer of the Defendants, Willis, Williams, Chapa, Johnson and Rampy, each alleges to be entitled to the protection of qualified immunity. Pursuant to *Elliott v. Perez*, 751 F.2d 1472 (5th Cir.1985), an Order was sua sponte entered by the Court affording the Plaintiff an opportunity to file a more detailed and particularized pleading with regard to this claim of qualified immunity. It is the Plaintiff who must overcome the claim to qualified immunity. The Defendant filed two briefs on the issue of qualified immunity. The Plaintiff filed a Second Amended Pleading in response to the Court's affording this opportunity. The Plaintiff's Second Amended Pleading also contains citations to legal authorities. Plaintiff then filed what he styled a "Second Brief". Although it contained no legal citations it did have attached

to it the work sheets which he alleged were handed out by the Defendant, Willis, during the substance abuse treatment sessions at the Correction Facility.

The Court then afforded each of the parties an opportunity to suggest whether further discovery was necessary before the qualified immunity issue as a matter of law could be determined, *Lion Boulos v. Wilson*, 834 F.2d 504, 507–508 (5th Cir.1987). Neither party sought from the Court the opportunity to have additional discovery.

Plaintiff's Amended Complaint filed on June 30, 1994, seeks only the collection of compensatory and punitive damages, in addition to attorney's fees. Thus, the inapplicability of qualified immunity to claims for injunctive or declaratory relief is not at issue in this case, *Pulliam v. Allen*, 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984), and *Chrissy F. by Medley v. Mississippi DPW*, 925 F.2d 844 (5th Cir.1991).

Defendants in their individual capacities would be entitled to assert an entitlement to qualified immunity, *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) and *Harvey v. Blake*, 913 F.2d 226 (5th Cir.1990). However, the claim to qualified immunity is not available to any Defendant in an official capacity, *Owen v. City of Independence, Missouri*, 445 U.S. 622, 638–39, 100 S.Ct. 1398, 1409, 63 L.Ed.2d 673 (1980). The statement of the qualified immunity doctrine and principles is now very familiar to federal case law. The doctrine holds government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established rights of which a reasonable person would have known, *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), and *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). After the decision in *Elliott v. Perez, supra*, in this Circuit it became clear the Plaintiff must by his pleadings demonstrate there was "a clearly established right which is alleged to have been violated." This right must be sufficiently clear so that a reason-

---

1. It is only in the singular on Page 6 of his pleadings deprived him of his right.

able public official would understand his action violates the right. The official's actions are judged in light of pre-existing law. The unlawfulness of the conduct must be *facially* apparent on the date it occurs, *Bigford v. Taylor,* 896 F.2d 972 (5th Cir.), *reh. and reh. en banc denied,* 901 F.2d 1110 (5th Cir.1990), and *Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). As was noted in *Connelly v. Comptroller of the Currency,* 876 F.2d 1209 (5th Cir.1989), in citing *Anderson v. Creighton, supra,* the terminology "clearly established" has an important application to any claim of qualified immunity. *Anderson v. Creighton, supra,* cited with favor in *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986) stated qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Anderson v. Creighton, supra,* opined it turned on the objective test of "objective legal reasonableness of the official's action which were assessed in light of legal rules that were clearly established at the time the action was taken." See also *Hunter v. Bryant,* 502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). The Supreme Court again pointed out the qualified immunity standard gives ample room for mistakes in judgments, and protects all but the plainly incompetent or those who knowingly violate the law. The Court specifically said the accommodation for reasonable error exists because public officials should *not* always err on the side of caution as a result of a fear of being sued.

Plaintiff cited four cases with regard to infringement of the First Amendment right to freedom of religion. *Campbell v. Cauthron,* 623 F.2d 503 [2] (8th Cir.1980) involved prisoners and the First Amendment right to freedom of religion. The Circuit Court said the question is whether the state is impermissibly "establishing a religion or is infringing upon the free exercise of religion by the inmates", *id.* at 509. The Eighth Circuit centered on the "forced inculcation". Plaintiff also cited *Granberg v. Ashland County,* 590 F.Supp. 1005 (W.D.Wis.1984).[3] The suit

was only against named political entities and not individuals. Thus, there could be no claim of qualified immunity in the case, *Owen v. City of Independence, supra.* Grandberg was required to participate in a driver's safety plan, and go to an in-patient alcohol rehabilitation treatment at a hospital. He alleged the rehab. program contained *mandatory* religious elements. Plaintiff also cited the case of *Owens v. Kelley,* 681 F.2d 1362 (11th Cir.1982), *reh. denied,* 697 F.2d 1094 (11th Cir.1983). This case turned on the issue of a Motion for Summary Judgment. It was found there were material factual issues to be resolved. The Court did say if the program required the defendant *to adopt a particular religion,* then it would violate his First Amendment rights, *id.* at 1365.

On the fifth page of the Plaintiff's Second Amended Pleading with regard to qualified immunity, without a full citation to a case he gave a cite as 367 U.S. at 495, 81 S.Ct. at 1683–84. This revealed the quoted language was from *Torcaso v. Watkins,* 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961). The Court's decision turned on a finding it would violate a First Amendment right to require any person *to declare a belief in God* to be able to qualify as a notary public.

The Defendants cited two cases involving the use of the Alcoholic Anonymous Program and required attendance by convictees. In *Stafford v. Harrison,* 766 F.Supp. 1014, 1016 (D.Kan.1991), the district court found the Alcoholics Anonymous Program, while having a spiritual nature, was not a program which could properly be characterized as a religion. Further, Defendants cited *O'Connor v. State of California,* 855 F.Supp. 303 (C.D.Cal. 1994). This was another case requiring participation in the Alcoholics Anonymous Program. The district court found the principal and primary effect of encouraging this participation was not to advance a religious belief, but to treat substance abuse. The Court acknowledged spirituality was a central part of the philosophy, but the AA Program was not a religion. The Court held various faiths

---

**2.** This citation was mistyped as 502 in Petitioner's brief.

**3.** This was noted to be an "Appeals Court" at Page 3 of the Plaintiff's brief, but it is only a District Court opinion.

could participate without renouncing their religious convictions.

While not in the same religious context as in the case at bar, the language from *Azeez v. Fairman*, 795 F.2d 1296 (7th Cir.1986), is meaningful and applicable. This is a case involving prisoners who said their religious beliefs were being infringed because the prison authorities refused to recognize their chosen Islamic names. The Seventh Court of Appeals said, *id.* at 1301,

"The words 'clearly established ... constitutional rights' may not be used to read the defense of immunity out of federal tort law by the facile expedient of stating constitutional rights in the most general possible terms, so that anyone who prevails on the merits of a claim based on (for example) the First Amendment's free exercise of religion clause, however novel that claim is, can defeat the defense of immunity simply by pointing out that the right to the free exercise of one's religion has long been a clearly established constitutional right. The right must be sufficiently *particularized* to put potential defendants on notice that their conduct probably is unlawful." (Emphasis Added)

In *Anderson v. Creighton, supra,* 483 U.S. at 640, 107 S.Ct. at 3039, the Supreme Court said, "the contours of the right must be *sufficiently clear* that a reasonable official would understand that what he is doing violates that right.... the unlawfulness must be *apparent.*" (Emphasis Added)

It thus, is amply demonstrated by the above cases with regard to qualified immunity two matters stand out. First, which would almost go without saying, the Plaintiff could not be forced to adopt any particular religious beliefs through any program required for substance or drug abuse rehabilitation. The second principle demonstrated by these cases is whether or not there was in February 1994, and sometime before this date an established legal precedent holding the utilization of the 12–Step Alcoholic Anonymous Program was a forced indoctrination of religion or required the adoption of any particular religious preference in violation of the First Amendment free exercise privileges and rights. It is suitably demonstrated by

the two cases cited by the Plaintiff, one of which was decided in 1991, and the other in 1994, the Alcoholic Anonymous Program has been held not to be a religious indoctrination, but an acceptable rehabilitation program. Thus, it was not in February 1994, "clearly established", required participation in the Alcoholics Anonymous 12–Step Program violated the First Amendment right to freedom of religion. Even assuming the cases did not definitely hold this, at least it was both factually and legally arguable as to whether or not the Alcoholics Anonymous 12–Step Program was an indoctrination of religion. Thus, the individual Defendants in the case at bar could not reasonably have known their particular actions violated "clearly established" law.

The Defendants had also alleged they were entitled to something known as "official immunity". This has been construed to be another way of saying qualified immunity.

In the final paragraph number 9 of the Defendants Original Answer the Defendants (collectively) assert they are entitled to Eleventh Amendment immunity from this lawsuit. Assuming the qualified immunity applies to the individual Defendants, then the question arises as to whether or not Lubbock County which operates the facility has in effect been sued because their officials have been sued, *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), and would be entitled to Eleventh Amendment immunity. Eleventh Amendment immunity of the Constitution when the lawsuit is brought against a state agency, or a state official in his official capacity, bars a Civil Rights case, *Kentucky v. Graham, supra, Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), and *Hughes v. Savell,* 902 F.2d 376 (5th Cir.1990). However, a Texas county in the absence of some special circumstance extended to counties is not entitled to a Eleventh Amendment immunity, *Crane v. Wade,* 759 F.2d 412, 415–421 (5th Cir.), *amded. in part and reh. denied,* 766 F.2d 193 (5th Cir.), *cert. denied,* 474 U.S. 1020, 106 S.Ct. 570, 88 L.Ed.2d 555 (1985), and *Lewis v. Midwestern State University,* 837 F.2d 197 (5th Cir.), *cert. denied,* 488 U.S.

849, 109 S.Ct. 129, 102 L.Ed.2d 102 (1988). No special circumstances have been brought fourth either factually or legally to authorize granting Lubbock County sovereign or Eleventh Amendment immunity.

I, therefore, recommend the lawsuit as filed against Debra Willis, Steve Williams, Mike Chapa, Daryl Johnson, and Steve Rampy individually be dismissed with prejudice as those Defendants in their individual capacity are entitled to the protection of qualified immunity.

I, further recommend it be found Lubbock County is not entitled to Eleventh Amendment immunity and the lawsuit for damages as stated by the Plaintiff, pursuant to 42 U.S.C. § 1983, be permitted to proceed against Lubbock County and its named officials in their official governmental capacity.

The Clerk is directed to file the Findings, Conclusions and Recommendation and to send a copy of it to Plaintiff and a copy to each attorney of record. Any party may object to the proposed Findings, Conclusions and Recommendation within ten (10) days after having been served with a copy hereof, Rule 72, Federal Rules of Civil Procedure, and Rule 4(a)(1) of Miscellaneous Order No. 6 as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas. Such party shall file with the Clerk of the Court, serve on the Magistrate Judge and on all parties, written objections, which shall specifically identify the portions of the Findings, Conclusions and Recommendation to which objection is made and shall set out fully the basis for each such objection. Objections are required to obtain a de novo review by a United States District Judge. Failure to timely file written objections to the proposed Findings, Conclusions and Recommendation shall bar an aggrieved party from attacking the factual findings on appeal. See *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) and *Nettles v. Wainwright,* 677 F.2d 404, 408 (5th Cir.1982) (en banc).