# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 24, 2010

No. 09-30753
Summary Calendar

Lyle W. Cayce
Clerk

SYROUS K KOOROS, Doctor,

      Plaintiff - Appellant

v.

NICHOLLS STATE UNIVERSITY; LAN NAM; SABRINA LAURENT; DAVID BOUDREAUX; DEBORAH BORDELON; LARRY HOWELL; SHAWN MAULDIN; BETTY KLEEN; KATIE LEONARD; STEPHEN HULBERT; ROBERT ALEXANDER; SONYA PREMEAUX,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-1444

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Proceeding pro se, Syrous Kooros, a former tenured faculty member at Nicholls State University, sued the University and several members of its faculty and administration claiming he was unlawfully terminated and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30753

discriminated against. Kooros claims under numerous provisions of federal and state law. The defendants moved to dismiss and in the alternative moved for summary judgment. The district court dismissed Kooros's federal claims, finding that the University was immunized from suit by the Eleventh Amendment and that the individual defendants were protected in their official capacity by Eleventh Amendment immunity and by qualified immunity in their individual capacity. The district court also found that Kooros failed to comply with the statutory prerequisites necessary to bring a claim under Title VII. After dismissing the federal claims, the district court found that it lacked diversity jurisdiction and declined to exercise jurisdiction over the state claims.[1]

I

The district court dismissed the claims against Nicholls State University on the grounds that the proper party is an entity of the state entitled to immunity under the Eleventh Amendment. We review the district court's determination of Eleventh Amendment immunity de novo.[2]

The Eleventh Amendment protects States from suit in federal courts.[3] "It has long been settled that the reference to actions "against one of the United States" encompasses not only actions in which a State is actually named as the

---

[1] Two additional defendants, Lan Nam and Sonya Premeaux, were properly dismissed for failure to prosecute.

[2] *Severance v. Patterson*, 566 F.3d 490, 495 (5th Cir. 2009).

[3] U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1 (1890).

No. 09-30753

defendant, but also certain actions against state agents and state instrumentalities."[4]    Under Louisiana law, Nicholls State University is administered by the Board of Trustees for State Colleges and Universities.[5] This court has previously recognized that the Board of Trustees is an arm of the State of Louisiana and thus entitled to Eleventh Amendment immunity from suit.[6] The claims against Nicholls State are thus subject to dismissal under Eleventh Amendment immunity.

To the extent Kooros's claims may be characterized as employment discrimination claims arising under Title VII, they are not barred by Eleventh Amendment immunity.[7]    Nonetheless, Kooros failed to exhaust his administrative remedies by filing a charge with the EEOC.  Filing a charge with the EEOC is a precondition to filing suit in district court.[8]  As Kooros failed to file a charge with the EEOC before filing suit in federal district court, any claims arising under Title VII are subject to dismissal.

II

---

[4] *Regents of the Univ. of California v. Doe*, 519 U.S. 425 (1997).

[5] Nicholls State University is "under the supervision and management of the Board of Trustees for State Colleges and Universities" according to Louisiana Revised Statute 17:3217.

[6] *See Laxey v. Louisiana Bd. of Trustees*, 22 F.3d 621 (5th Cir. 1994); *see also Richardson v. Southern University*, 118 F.3d 450 (5th Cir. 1997) (discussing factors influencing determination of whether entity is considered an arm of the State).

[7] *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 n.1 (5th Cir. 2002) ("we have long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII").

[8] *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).

No. 09-30753

The district court found the claims against the individual defendants barred by qualified immunity to the extent they are against the defendants in their individual capacities and barred by Eleventh Amendment immunity to the extent they are against the defendants in their official capacities. As above, we review both determinations de novo.[9]

We turn first to the grant of qualified immunity. "Qualified immunity protects public officials from suit unless their conduct violates a clearly established constitutional right. The qualified immunity standard gives ample room for mistaken judgments, by protecting all but the plainly incompetent or those who knowingly violate the law. Thus, a public official is entitled to qualified immunity unless a plaintiff demonstrates (1) a violation of a constitutional right and (2) that the right at issue was clearly established at the time of the violation."[10] Once a defendant pleads qualified immunity, the burden shifts to plaintiffs to rebut it.[11] Kooros cannot merely rest on the pleadings to meet this burden.[12] Kooros has not put forward any specific evidence supporting his allegations that the officials acted in an unreasonable manner, the officials are entitled to qualified immunity for claims against them in their individual capacities.

To the extent Kooros's claims are against the individual defendants in their official capacities, they are barred in part by Eleventh Amendment

---

[9] *Severance*, 566 F.3d at 495 (review of Eleventh Amendment immunity); *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (review of qualified immunity determination).

[10] *DePree v. Saunders*, 588 F.3d 282, 288 (5th Cir. 2009).

[11] *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007).

[12] *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001).

4

No.  09-30753

immunity.  Suits against individuals in their official capacities are treated as suits against the State and are barred by the Eleventh Amendment.[13]  Kooros's claims for money damages are thus barred by the Eleventh Amendment.  We decline to search Kooros's prolix pleadings in search of other possible claims.

We AFFIRM.

---

[13] *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004).