# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE
NEWS RELEASE #056

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **18th day of December, 2025** are as follows:

**BY Hughes, J.:**

2025-KK-00688      DWAYNE WILLIAMS  VS.  STATE OF LOUISIANA (Parish of Orleans Criminal)

AFFIRMED. SEE OPINION.

Crain, J., concurs for the reasons assigned by Justice Cole.
McCallum, J., concurs for the reasons assigned by Justice Cole.
Griffin, J., additionally concurs and assigns reasons.
Cole, J., additionally concurs and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2025-KK-00688

DWAYNE WILLIAMS

VERSUS

STATE OF LOUISIANA

On Supervisory Writ to the Criminal District Court,
Parish of Orleans Criminal

**HUGHES, J.**

This action was brought under Louisiana's wrongful conviction and imprisonment compensation law, La. R.S. 15:572.8.  The State sought a stay of the proceedings in the district court to allow another action filed by the petitioner, in the federal district court under 42 U.S.C. § 1983 (arising from the same prosecution and conviction), to proceed to conclusion, pursuant to La. C.C.P. art. 532, which states:

> When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on *the same transaction or occurrence*, between the same parties in *the same capacities*, on motion of the defendant or on its own motion, *the court may stay* all proceedings in the second suit[1] until the first has been discontinued or final judgment has been rendered.  [Emphasis added.]

The instant lawsuit is based on La. R.S. 15:572.8, which authorizes compensation for wrongful conviction and imprisonment, upon proof by a petitioner that:  he has served, in whole or in part, a sentence of imprisonment under the laws of this state for a crime of which he was convicted; the conviction has been reversed or vacated; and he is factually innocent of the crime.  If the court finds a petitioner

---

[1] Prior to the filing of the instant action in the Orleans Parish Criminal District Court, on August 30, 2024, the petitioner filed his 42 U.S.C. § 1983 action (entitled, Dwayne Williams v. Jason Williams, in his Official Capacity [as District Attorney for Orleans Parish], and ABC Insurance Companies), on June 7, 2023, in the United States District Court for the Eastern District of Louisiana; therefore, the instant suit is the "second" suit for purposes of Article 532.

has borne his burden of proof, compensation is calculated as set out in Paragraph (H) of the statute:

> (2)(a) Compensation for the physical harm and injury suffered by the petitioner shall be calculated at a rate of twenty-five thousand dollars per year incarcerated, not to exceed a maximum total amount of two hundred fifty thousand dollars, to be paid at a rate of twenty-five thousand dollars annually.
>
> (b) After July 1, 2022, compensation for the physical harm and injury suffered by the petitioner shall be calculated at a rate of forty thousand dollars per year incarcerated, not to exceed a maximum total amount of four hundred thousand dollars, to be paid at a rate of forty thousand dollars annually.
>
> (c) Any petitioner who has not previously been awarded compensation pursuant to the provisions of this Section who files a petition seeking compensation on or after July 1, 2022, has the option to receive a lump sum payment in the amount of two hundred fifty thousand dollars in lieu of receiving forty thousand dollars annually.
>
> (3) In addition to the compensation provided in Paragraph (2) of this Subsection, the court shall order that the petitioner receive eighty thousand dollars total in compensation for the loss of life opportunities resulting from the time spent incarcerated and to cover expenses relating to job skills training, education, housing, and any other services the wrongfully convicted person may need. Any petitioner who has been awarded compensation pursuant to the provisions of this Paragraph and who has received a portion of the compensation prior to August 1, 2019, may file a petition prior to August 1, 2020, seeking the remainder of the compensation, not to exceed eighty thousand dollars total, authorized by the provisions of this Paragraph or be forever barred from filing the petition. Compensation ordered pursuant to the provisions of this Paragraph shall be paid from the Innocence Compensation Fund.

In contrast to the cause of action provided by La. R.S. 15:572.8, which arises out of a wrongful conviction claim based primarily on factual innocence, the suit filed by the petitioner in the federal district court is predicated on an alleged deprivation of his Constitutional rights, privileges, or immunities, as stated in 42 U.S.C. § 1983,[2] which provides:

> ***Every person who***, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or ***causes*** to be subjected, any citizen of the United States or other person within the jurisdiction thereof to ***the deprivation of any rights, privileges, or immunities secured by the Constitution***

---

[2] Further, Section 1988(b) states that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs…."

*and laws*, ***shall be liable to the party injured*** in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. [Emphasis added.]

Thus, while in the instant state court lawsuit the petitioner is required to prove that he was innocent of the crime for which he served a sentence under state law and for which the conviction was subsequently reversed or vacated, in his federal 42 U.S.C. § 1983 lawsuit, the petitioner must prove he was denied Constitutional rights, privileges, or immunities by a defendant who acted under color of law. Furthermore, since a state generally has sovereign immunity vis-à-vis its citizens on a state law claim in federal court, a federal suit is usually concerned only with individual actors. See **New Orleans Towing Ass'n v. Foster**, 248 F.3d 1143 (5th Cir. 2001); **Laxey v. Louisiana Board of Trustees**, 22 F.3d 621 (5th Cir. 1994); **Hughes v. Savell**, 902 F.2d 376 (5th Cir. 1990). See also **Dai v. Le**, No. 23-30504, 2024 WL 415458 (5th Cir. 2024), affirming, **Dai v. Le**, No. 3:22-CV-01551, 2023 WL 4674315 (W.D. La. 2023); **Hayward v. Landry**, No. CV 02-927-D, 2005 WL 8155426 (M.D. 2005). However, in the instant state district court suit, the state is the defendant and is represented by the attorney general, as provided in Paragraph (E) of La. R.S. 15:572.8, stating: "The attorney general shall represent the state of Louisiana in these proceedings … Upon receipt of the petition and of confirmation of service on the attorney general's office, the court shall ask the state, through the attorney general's office, to respond to the petition within forty-five days of service of the petition."

After review of this matter, we conclude that the district court did not abuse its discretion in denying the State's motion to stay proceedings in this matter,[3]

---

[3] The district court denied the State's motion in open court, on March 27, 2025, and thereafter, on April 30, 2025, the Fourth Circuit denied the State's writ application.

particularly given the Legislative directive of La. R.S. 15:572.8(H)(1), that "the court shall render a decision as soon as practical…." Accordingly, we affirm.

**AFFIRMED**.

**SUPREME COURT OF LOUISIANA**

**No. 2025-KK-00688**

**DWAYNE WILLIAMS**

**VS.**

**STATE OF LOUISIANA**

*On Supervisory Writ to the Criminal District Court, Parish of Orleans Criminal*

**GRIFFIN, J., additionally concurs and assigns reasons.**

The majority opinion assumes for the sake of argument that the Code of Civil Procedure applies to wrongful conviction compensation claims under La. R.S. 15:572.8.[1]  In a future case, it may be necessary to address this issue. However, in this matter, whether the Code of Civil Procedure applies does not change the outcome.

---

[1] There is ample reason to find it does not apply, including the text of the statute and its legislative history. Decisions where appellate procedures were incorporated to these claims are of no moment. The Louisiana Constitution grants appellate jurisdiction, requiring the courts to incorporate some appellate procedures for matters tried in lower courts. La. Const. art. V § 10.

**SUPREME COURT OF LOUISIANA**

**No. 2025-KK-00688**

**DWAYNE WILLIAMS**

**VS.**

**STATE OF LOUISIANA**

**On Supervisory Writ to the Criminal District Court,
Parish of Orleans Criminal**

**COLE, J., additionally concurs and assigns reasons.**

I agree with the majority that the district court did not abuse its discretion in denying the motion to stay this case pursuant to La. C.C.P. art. 532. I write separately to address the state's argument regarding potential double recovery by the petitioner.

Louisiana law does not permit double recovery on the same element of damages. *Albert v. Farm Bureau Ins. Co.*, 05-2496 (La. 10/17/06), 940 So.2d 620, 622 ("A wrongdoer should not be required to pay twice for the same elements of damages.") (citations omitted). Petitioner's pending federal lawsuit ***could*** permit a recovery based on the same prosecution and same underlying alleged constitutional violations that form the basis of his wrongful conviction claims. The operative word here is "could." There is no double recovery yet in this case—indeed, there is not even a single recovery—making the concern entirely speculative at this juncture.

In my view, to avoid a prohibited double recovery scenario, while the district court did not abuse its discretion in finding that La. C.C.P. art. 532 does not prohibit petitioner from proceeding in both the state and federal actions, he should be prohibited from ***being awarded*** compensation that actually overlaps.